■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID PACHECO, Appellant.—Appeal by the defendant from two judgments of the County Court, Suffolk County (Rohl, J.), the first rendered January 22, 1985, convicting him of criminal sale of a controlled substance in the third degree under indictment No. 546/84, upon a jury verdict, and imposing sentence as a persistent felony offender to an indeterminate term of 25 years to life imprisonment, and the second rendered February 21, 1985, convicting him of criminal sale of a controlled substance in the third degree under indictment No. 547/84, upon his plea of guilty, and imposing sentence of an indeterminate term of 5 to 10 years' imprisonment.

Ordered that the judgment under indictment No. 546/84 is modified, as a matter of discretion in the interest of justice, by reducing the sentence to an indeterminate term of 15 years to life imprisonment. As so modified, that judgment is affirmed; and it is further,

Ordered that the judgment under indictment No. 547/84 is affirmed.

Viewed in a light most favorable to the People (see, People v Bauer, 113 AD2d 543, 548), the evidence adduced at the jury trial demonstrates that on November 3, 1983, the defendant sold heroin to a police officer while the latter was acting as an undercover agent. We therefore find a sufficient basis in the record to sustain the conviction of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]) under indictment No. 546/84. However, we find the sentence imposed on this conviction excessive to the extent indicated.

The defendant's remaining contention that the court erroneously denied the request to charge the jury with respect to criminal possession of a controlled substance in the third degree is without merit. Thompson, Brown and Eiber, JJ., concur.

Mangano, J. P., concurs in part and dissents in part, and votes to affirm the defendant's judgments of conviction, in accordance with the following memorandum: The majority is of the view that the imposition of the maximum allowable sentence upon the defendant as a persistent felony offender, i.e., 25 years to life imprisonment (Penal Law § 70.10 [2]; 70.00 [2] [a]; [3] [a] [i]), is excessive and should be reduced to 15 years to life.

I respectfully disagree.

The record indicates that, in addition to the defendant's present conviction for the sale of heroin, the defendant has a criminal record going back to 1958 which involves numerous convictions for possession of heroin, stolen property and weapons. The Probation report states, *inter alia,* that (1) the defendant "has spent a good deal of his adult life avoiding the responsibilities of a mature adult and giving in to his antisocial tendencies when the going gets rough" and (2) the defendant's "rehabilitative potential" is nil. In imposing the maximum allowable sentence, the sentencing court complied with the statutory requirement (Penal Law § 70.10 [2]) that its reasons "be set forth in the record". Specifically, the sentencing court stated: "its a tough job imposing a sentence like I'm going to impose on you, but I have to do it. I'm going to do it for the sake of the community. You have shown and demonstrated to the community that you have forfeited your right to be out there. You have defiled ordinary decency of a community. You have engaged in illegal activity. You have been in prison. You have been given break after break".

It is "scarcely worth repetition to observe that a sentencing determination is a matter committed to the exercise of the sentencing court's discretion, for it is that court's primary responsibility" *(People v Suitte,* 90 AD2d 80, 83; *People v Notey,* 72 AD2d 279, 282). Under the circumstances herein, I fail to see any abuse of discretion by the sentencing court in imposing the maximum sentence upon the defendant, or any reason why this court should substitute its discretion for that of the sentencing court *(People v Suitte, supra).*

Accordingly, I dissent and vote to affirm the judgment appealed from.